## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESIDENTIAL HEALTHCARE CREDIT CORPORATION,<br><br>    Plaintiff,<br><br>  -v-<br><br>WHITE RABBIT PARTNERS, INC et al<br><br>    Defendant,<br><br>  -v-<br><br>THE VANGUARD GROUP, INC. et al<br><br>    Garnishee, | CIVIL DIVISION<br><br>Case No: 19-mc-144 |

**FILED**
**AUG 13 2019**
KATE BARKMAN, Clerk
By_____Dep. Clerk

### INTERROGATORIES TO GARNISHEE

To: The Vanguard Group, Inc a/k/a Vanguard Funds
   100 Vanguard Blvd,
   Malvern, PA 19355

**YOU ARE REQUIRED TO FILE ANSWERS TO THE FOLLOWING INTERROGATORIES WITHIN TWENTY (20) DAYS AFTER SERVICE UPON YOU. FAILURE TO DO SO MAY RESULT IN JUDGMENT AGAINST YOU:**

1. At the time you were served or at any subsequent time did you owe the defendant Mark Robert Honzel. (hereinafter "Defendant") any money or were you liable to defendant(s) on any negotiable or other written instrument, or did defendant(s) claim that you owed defendant(s) any money or were liable to defendant(s) for any reason?

   ANSWER: *see attached*

Civ637(7/00)

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature owned solely or in part by the defendant(s)?

ANSWER:

*See attached*

3. At the time you were served or at any subsequent time did you hold legal title to any property of any nature owned solely or in part by the defendant(s) or in which defendant(s) held or claimed any interest?

ANSWER:

*See attached*

Civ637(7/00)

4. At the time you were served or at any subsequent time did you hold as fiduciary any property in which the defendant(s) had an interest?

ANSWER:

*See attached*

5. At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so what was the consideration therefore?

ANSWER:

*See attached*

6.  At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to defendant's(s') direction or otherwise discharge any claim of the defendant(s) against you?

ANSWER:

*See attached*

7.  If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law? If so, identify each account and state the amount of funds in each account and the entity electronically depositing those funds on a recurring basis.

ANSWER:



*See attached*

Civ637(7/00)

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S.§ 8123? If so, identify each account.

ANSWER:

See attached

9. At the time you were served or at any subsequent time, did you have or share any safe-deposit boxes, pledges, documents of title, securities, notes, coupons, receivables, or collateral in which there was an interest claimed by defendant(s)?

ANSWER:

See attached

Civ637(7/00)

10. Identify every account not previously noted, having a credit balance, including the account balance, titled in the name of defendant(s) or in which you believe defendant(s) have an interest in whole or in part, whether or not styled as a payroll account, individual retirement account, tax account, lottery account, partnership account, joint or tenants by entirety account, or otherwise.

ANSWER:

*see attached*

Respectfully Submitted

*/s/ Richard J. Parks*
Gaetan J. Alfano, Esq
PA. I.D. # 32971
Richard J. Parks, Esq
PA. I.D. #40477
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

4929377v1

Civ637(7/00)

The Vanguard Group, Inc
Office of the General Counsel – M35
400 Devon Park Drive
Wayne, PA 19087

---

PRESIDENTIAL HEALTHCARE CREDIT
CORPORATION,

               Plaintiff

v

WHITE RABBIT PARTNERS, INC et al

               Defendant
and

THE VANGUARD GROUP, INC et al

               Garnishee

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

NO  19-mc-144

WRIT OF EXECUTION
(Money Judgment)

---

## GARNISHEE THE VANGUARD GROUP, INC.
## ANSWERS TO INTERROGATORIES

Garnishee, The Vanguard Group, Inc hereby respond to the Interrogatories as follows:

| | |
|---|---|
| Interrogatory #1 | No |
| Interrogatory #2 | Yes |
| Interrogatory #3 | No. |
| Interrogatory #4 | No |
| Interrogatory #5: | No. |
| Interrogatory #6 | No |
| Interrogatory #7 | No |
| Interrogatory #8 | No |
| Interrogatory #9 | No |

Interrogatory #10     The Vanguard Group, Inc , a corporation organized under the laws of the Commonwealth of Pennsylvania, maintains two individual accounts, a SEP-IRA, and a Variable Annuity account registered to Mark Robert Honzel Vanguard Fiduciary Trust Company, a wholly owned subsidiary of The Vanguard Group, Inc is Custodian of the SEP IRA The Individual account #1 is currently invested in various mutual funds, the net asset values of which fluctuate daily The value of the account as of August 5, 2019, was $2,517,619 94 The Individual account #2 is currently invested in various mutual funds, the net asset values of which fluctuate daily The value of the account as of August 5, 2019, was $804,679 74. The SEP-IRA account is currently invested in various mutual funds, the net asset values of which fluctuate daily The value of the account as of August 5, 2019, was $560,068.32

Please note, the Custodial Account Agreement governing assets held in an IRA provides, in part, that except in the case of a transfer incident to divorce under Code section 408(d)(6), "no interest, right or claim in or to any part of the Account or any payment therefrom shall be assignable, transferable, or subject to sale, mortgage, pledge, hypothecation, commutation, anticipation, garnishment, attachment, execution, or levy of any kind, and the Custodian shall not recognize any attempt to effect any of the preceding, except to the extent required by law." The Agreement further provides that it "shall be governed by and construed, administered and enforced according to the law of the Commonwealth of Pennsylvania, except to the extent preempted by Federal law."

Vanguard Marketing Corporation ("VMC"), a broker-dealer doing business as Vanguard Brokerage Services, a wholly-owned subsidiary of The Vanguard Group, Inc., maintains an individual brokerage account registered to Mark Robert Honzel. The brokerage account is currently invested in various mutual funds, the net asset values of which fluctuate daily. The value of the account as of August 5, 2019, was $2,676.49.

Vanguard also serves as third-party administrator and recordkeeper for variable annuity contracts issued by Transamerica Premier Life Insurance Company ("Transamerica"). Vanguard does have record that Mark Robert Honzel is the registered owner of a variable annuity contract (the "Contract"), which was valued at $410,073.66, and invested in multiple Vanguard mutual fund units. The value of the Contract units fluctuates daily.

As depositor of Separate Account VA DD and issuer of the Contract, Transamerica has possession, control and custody of the Contract. Upon its receipt of the Writ of Execution, Vanguard notified Transamerica of Plaintiff's claim and was directed to restrict Mr. Honzel's access to his Contract.

THE VANGUARD GROUP, INC.

Nichole M. Lobodzinski
Custodian of Records

Date: August 12, 2019

The Vanguard Group, Inc
Office of the General Counsel – M35
400 Devon Park Drive
Wayne, PA 19087